**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

TRUSTEES OF THE BRICKLAYERS AND
ALLIED CRAFTWORKERS LOCAL 3, NEW
YORK (ROCHESTER CHAPTER) PENSION
FUND, et al

                                                    DECISION AND ORDER
      vs.                                           05-CV-6151

ARENA CONSTRUCTION CO., et al
_____

        For the plaintiffs:                 Andrew M. Butler, Esq.
                                             Chamberlain, D'Amanda
                                             1600 Crossroads Building
                                             Two State Street
                                             Rochester, New York 14614

        For the defendants:                  In default

## INTRODUCTION

**Siragusa, J.** This is an action in which plaintiffs Trustees of the Bricklayers & Allied

Craftworkers Local 3 New York (Rochester Chapter) Pension Fund, Trustees of the

Bricklayers & Allied Craftworkers Local 3 New York (Rochester Chapter) Welfare Fund,

Trustees of the Bricklayers & Allied Craftworkers Local 3 New York (Rochester Chapter)

Annuity Fund (hereinafter referred to collectively as "Funds"); and plaintiff Bricklayers and

Allied Craftworkers Local 3 New York (Rochester Chapter), AFL-CIO (hereinafter referred

to collectively as "Local 3") are suing defendants Arena Construction Co., ("Arena

Construction") and Rosario Arena, individually and as a principal officer of Arena

Construction, pursuant to the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. § 1001, et seq., and 29 U.S.C. § 1145.

Now before the Court is plaintiffs' Motion for Default Judgment [#6] and attorney fees. For the reasons that follow, the Court grants the application.

## BACKGROUND

Plaintiffs commenced this action on April 4, 2005 alleging, inter alia, that defendants had breached a collective bargaining agreement ("CBA") by failing to make contributions to a multi-employer plan in accordance with the terms and conditions of the CBA. In their Complaint [#1], plaintiffs allege three causes of action– two causes pursuant to ERISA and a third claim for breach of contract.

Under the First Cause of Action, plaintiffs seek relief, pursuant to 29 U.S.C. § 1145, against Arena Construction for failure to make contributions as required by the CBA, and seek compensation for this failure pursuant to 29 U.S.C. § 1132(g).  Under the Second Cause of Action, plaintiffs seek recovery against Rosario Arena, pursuant to 29 U.S.C. § 1109, for violations of the obligations imposed on him by 29 U.S.C. § 1106.  Finally, under the Third Cause of Action, the plaintiffs allege that Arena Construction's failure to make employer contributions and to withhold and remit dues, as required by the CBA, constituted a breach of contract.  Specifically, the Complaint alleges liability as follows:

> unpaid employer contributions in the amount of $35,800.13 for January through September 2004, plus any additional unpaid employer contributions incurred until the date of judgment … [;]

> unremitted dues in the amount of $9,544.04 for January through September 2004, plus any additional unpaid employer contributions incurred until the date of judgment[;]

> … liquidated damages, accrued interest, audit fees, attorney's fees, and other costs incurred through the date of judgment[; and]

> [p]re-judgment interest.

(Compl. at 7-8.)

Defendants failed to appear in this action, and on July 11, 2005,  the Clerk of the Court recorded an Entry of Default [#5] against Arena Construction and Rosario Arena.  On July 26, 2005, plaintiffs filed a Motion for Default Judgment [#6] pursuant to Federal Rule of Civil Procedure 55(b)(2) in the amount of $76,363.41, plus interest accruing at the contract rate of 2% per month compounded until the date of judgment.

## ANALYSIS

Federal Rule of Civil Procedure 55 provides a two-step process for entering default judgment. See, Joe Hand Promotions, Inc. v. Rivera, No. 99-CV-0983E, 2002 WL 1677699 at *1 (W.D.N.Y. July 11, 2002).  First, under Rule 55(a), a party must show that the opposing party, against whom a judgment is being sought, has failed to plead or otherwise defend, and upon such showing, the Clerk must then enter the party's default. *See* Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered a default, an application to the court for judgment by default may be sought.  *See* Fed. R. Civ. P. 55(b).  However, in order to enter a default judgment, "the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment." *Garden City Boxing Club, Inc. v. Giambra*, No. 02-CV-839S, 2004 WL 1698633 at *1 (W.D.N.Y. Jul. 27, 2004). Once the Court has determined that the complaint is sufficient, a default judgment is entered and the allegations of the complaint establishing a defendant's liability are accepted as true, except for those relating to damages. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

As in the instant case, when the non-defaulting party's claim is not for a sum certain, application for default judgment must be made to the court under Rule 55(b)(2) and the

court must determine the propriety and amount of default judgment.  In relevant part, Rule 55(b)(2) provides that:

> [i]n all other cases, the party entitled to a judgment by default shall apply to the court therefor…If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application….

Fed. R. Civ. P. 55(b)(2).  As noted by Rule 55(b)(2), if the party against whom judgment is being sought has "appeared" in the action, notice of the application for judgment is required. However, "[t]he law does not require a formal appearance [and] the responses which constitute an appearance for the purposes of invoking the notice requirements of Rule 55(b)(2) are broadly defined and may include a variety of informal acts." *Sexton v. M/V SILVER HAPPINESS*, No. 97-CV-0148, 1997 WL 642348 at *4 (E.D.N.Y. Sept. 9, 1997) (citing 10 Moore's Federal Practice § 55.21[b][i]).  If a party does not appear in the action, then there is no requirement that the party be given notice of the motion for default judgment. *Frederick v. Columbia University*, No. 01 Civ. 432 (AGS)(RLE), 2003 WL 260685 at *2 n.1 (S.D.N.Y. Feb. 4, 2003) (citing LG Electronics, Inc. v. Advance Creative Computer Corp., 212 F.Supp.2d 1171, 1174 (N.D.Cal. 2002)).

Where, as in the case at bar, the moving party has sought entry of default judgment, Rule 55(b)(2) provides that:

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper….

Fed. R. Civ. P. 55(b)(2).  Although Rule 55(b)(2) does not explicitly list factors that should be used to decide whether or not a party is entitled to judgment by default a court may consider the following factors:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Badian v. Brandaid Communications Corp.*, No. 03 Civ. 2424 (DC), 2004 WL 1933573 at *2 (S.D.N.Y. Aug. 30, 2004) (citing Charles Alan Wright, et al., 10A Federal Practice & Procedure § 2685 at 32-38). Finally, "[i]n deciding whether to grant an application for default judgment made pursuant to Rule 55(b)(2), a district judge is required to exercise 'sound judicial discretion' in determining whether the judgment should be entered." *Stirrat v. Ace Audio/Visual, Inc.*, No. 02 CV 2842 (SJ), 2004 WL 2212096 at *1 (E.D.N.Y. Sept. 24, 2004).

The grounds for default are clearly established in this case.  As noted above, defendants have entirely ignored the litigation by failing to appear and failing to answer the complaint.  *See Diversified Financial Systems, Inc. v. Tomich Corp.*, No. 95 CV 4211, 1997 WL 177873 at *3 (E.D.N.Y. Mar. 28, 1997) (noting that a defendant's failure to answer a complaint and appear in the litigation constitutes sufficient grounds for entry of default). Additionally, substantive issues of material fact are not in dispute — plaintiffs have provided copies of the CBA signed by Rosario Arena in his capacity as the owner of Arena Construction, and have also provided independently performed audits of Arena Construction's payroll records, that show the underlying unpaid contributions and dues owed by the defendants.  Additionally, given defendants' overall failure to defend the instant action, it is

unlikely that they could show the necessary good cause to vacate the judgment under Federal Rule of Civil Procedure 55(c). Moreover, the Court is satisfied that the plaintiffs have alleged grounds sufficient for recovery under ERISA on the first and second causes of action and under contract on the third cause of action.  In that regard, the Court accepts all of the factual allegations of the Complaint as true. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (holding that district court should accept all of the factual allegations of the complaint as true when a defendant fails to appear). However, although plaintiffs' Complaint, by itself, establishes liability, it is not sufficient to establish damages. *See Journeyman Plumbers and Apprentices UA Local Union No. 22 v. Boyd Mechanical, Inc.*, No. 01-CV-0516E(F), 2003 WL 23350132 at *1 (W.D.N.Y. Nov. 13, 2003) (noting that while a party's complaint was sufficient to establish liability under ERISA, it was not sufficient to establish damages).

At the Court's request, plaintiffs' counsel filed an affirmation on September 7, 2005, detailing the damages to that date. Exhibit B of that affirmation clearly shows the underpayment of employer contributions in the net amount of $35,800.13. The affirmation and its exhibit also show that defendants made two late payments: one on March 21, 2005 ($1,700.30) and one on November 13, 2004 ($27,014.23). The sum of delinquent payments is $64,513.66 and under the terms of the collective bargaining agreement, the relevant portion of which is attached to counsel's affirmation as Exhibit A, delinquent payments trigger liquidated damages of 20% of the delinquent contributions, or $12,902.93. Also under the terms of the collective bargaining agreement, interest on the delinquent employer contributions more than fifteen days past due is imposed at a rate of 2% per month,

compounded. As of the date of this decision and order, the accrued interest is $15,985.44, resulting in a total amount due to plaintiffs of $77,560.68.

In addition, plaintiffs seek attorney fees of $2,500. (Butler Aff., Jul. 26, 2005, ¶ 6.) As the Second Circuit has held, ERISA, 29 U.S.C. § 1132(g)(1), authorizes an award of attorney fees "after a district court has assumed jurisdiction over a case." *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 119 (2d Cir. 2002). That statutory section provides as follows:

> Attorney's fee and costs; awards in actions involving delinquent contributions.
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1) (2005). Having reviewed Mr. Butler's affirmation in support of an award of attorney fees, the Court concludes that the amount sought is reasonable and grants his application.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for default judgment is granted, and the Clerk is directed to enter judgment on this date in favor of plaintiffs in the amount of $77,560.68 (which includes $15,985.44 of accrued interest to the date of this decision) and $2,500 in attorney fees, for a total of $80,060.68. Interest from this date forward will be calculated pursuant to 28 U.S.C. § 1961 (2005). The Clerk is directed to close the case.

IT IS SO ORDERED,

Dated:   September 21, 2005
         Rochester, New York

ENTER:   /s/ Charles J. Siragusa
         CHARLES J. SIRAGUSA
         United States District Judge